## LIVINGSTON v. THE IOWA MIDLAND RAILWAY CO.

1. **Evidence: DECLARATIONS OF AGENT.** The admissions or declarations of an agent are admissible against his principal only when made within the scope of his authority.

2. —— **APPLICATION OF THE RULE.** In an action against a railroad company for failure to construct a cattle-pass which, it was claimed by plaintiff, it had agreed to do, a letter, in relation thereto, written to plaintiff by the superintendent, whose duty was in operating and keeping in repair the road, was held not admissible. The cattle-pass, being an independent construction, is not properly embraced in repairs.

3. **Contract: TIME OF PERFORMANCE.** A contract with a railroad company, embodied in the deed for the right of way, provided for the construction of a cattle-pass by the company, but fixed no time therefor. *Held*, that the company had a reasonable time after the completion of the road.

*Appeal from Jones Circuit Court.*

MONDAY, DECEMBER 18.

ACTION at law to recover damages claimed on account of the location and construction of defendant's railroad on a different line than the one agreed upon by the parties, and intended to be covered by a deed for the right of way executed by plaintiff to defendant, and for the failure of defendant to construct a cattle-pass under its road, in compliance with an agreement so to do embodied in the deed for the right of way. There was a verdict and judgment for plaintiff in the sum of $10; he now appeals to this court.

*Shean & McCarn* for the appellant.

*Milton Pensler* for the appellee.

BECK, Ch. J. — I. Upon the trial of the cause the plaintiff offered in evidence a letter written by the superintend-

ent of defendant's railroad, and addressed to plaintiff. The letter contained statements in regard to the construction of the cattle-pass, and admissions as to the failure to build it, which is the foundation of part of plaintiff's claim sued on. It appears that the writer of the letter was charged, as the officer or agent of defendant, with the duty of operating the railroad, and repairs were under his charge. A principal will be bound by the admissions or declarations of an agent only where they are made within the scope of his authority. This is a familiar rule of the law. It does not appear that the writer of the letter had, in the discharge of his duties, any thing to do with the construction of the cattle-pass in question, and we cannot infer that it was within the sphere of his duties. The fact that he was charged with making repairs upon the road would not, in our opinion, confer upon him any authority in regard to the work in question. The cattle-pass was either to be built at the time the road was constructed or to be put in afterward. In either case it could not be denominated repairs. If it was intended to be a part of the structure of· the road, it was not under his control, and if, on the other hand, it was to be afterward erected, it could with no propriety be called repairs. The court correctly ruled in excluding the letter.

II. The contract for the construction of the cattle-pass was embodied in the deed for the right of way executed by plaintiff. The defendant was

3. CONTRACT: time of performance.

bound thereby to construct "two farm crossings and one underground cattle-pass." No time was fixed for the completion of the cattle-pass. The court directed the jury that "as there is no time fixed in the deed when the cattle-pass should be constructed, the law is that it shall be constructed within a reasonable time after said railroad is built." This instruction is assigned as one ground of error. The

rule of law is familiar, that when work is to be done, a building erected or the like, under a contract which does not specify the time within which it shall be completed, the party bound is required to finish it within a reasonable time. This rule is applicable to the contract under consideration. Plaintiff's counsel insist that it should have been constructed when the road was built. We cannot so interpret the contract, either from its words or other matters which are proper to be considered in arriving at its true meaning. Counsel insist that it ought to have been constructed where it is usual to construct such passes — when others on the same road were put in. These were proper circumstances from which the jury could determine what would be a reasonable time in which the work should have been completed, but of themselves they did not determine the time. The instruction, we think, was correct.

III. The court directed the jury " that, if the cattle-pass has not yet become necessary for the use and convenience of plaintiff in the use of his farm, on account of the rail-road not being completed and fenced, then it cannot be considered that a reasonable time has elapsed." This instruction is objected to by plaintiff's counsel; we think it is correct. Undoubtedly, the purpose and use of the work contracted for must have been in contemplation of the parties when they entered into the agreement, and if it was understood that it would only be useful or convenient when the road should be completed and fenced, they would not be understood as stipulating for its completion at an earlier day, unless words to that effect are found in the contract, or unless the completion and fencing of the road is delayed beyond a reasonable time. If the construction and fencing of the road is not unreasonably delayed, and this was not claimed, and the cattle-pass is not demanded for the use and convenience of plaintiff until the road is finished, we will not construe the con-

tract as binding the defendant to complete the work before it is demanded for use by plaintiff. Such a construction would require of defendant a vain thing, which the law will not presume was in the minds of the parties when the instrument was executed.

We have considered all the objections made by plaintiff's counsel, and are of the opinion that they are not supported by the law.

Affirmed.